# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RAMON ALVAREZ-SANCHEZ, | : | MOTION TO VACATE |
| BOP Reg. # 54996-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:03-CR-493-ODE-AJB-24 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:17-CV-3014-ODE-AJB |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Ramon Alvarez-Sanchez, confined in the Edgefield Federal Correctional Institution in Edgefield, South Carolina, has submitted a fourth 28 U.S.C. § 2255 motion to vacate his convictions in criminal action number 1:03-cr-493-ODE-AJB-24. [Doc. 2639.][1]

The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that Movant's fourth § 2255 motion be **DISMISSED** as impermissibly successive.

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:03-cr-493-ODE-AJB-24.

**I.   Background**

On January 27, 2005, Movant pleaded guilty to (1) conspiracy to possess with intent to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii), (vii), & (viii), and 846, and (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B). [Doc. 1040 at 2-4, 16; Doc. 1428 at 1; Doc. 1428-1 at 1.] On August 1, 2005, the District Court sentenced Movant to 387 months imprisonment, followed by five years supervised release. [Docs. 1786, 1788.] The United States Court of Appeals for the Eleventh Circuit affirmed. [Doc. 2054.] *See United States v. Alvarez-Sanchez*, 187 Fed. Appx. 914 (11th Cir. June 28, 2006) (per curiam).

Movant filed his first § 2255 motion on November 13, 2007. [Doc. 2079.] The District Court denied that motion on October 2, 2008. [Doc. 2128.] The Eleventh Circuit granted a certificate of appealability on one issue on May 14, 2009. [Doc. 2192.] The Eleventh Circuit subsequently vacated and remanded for an evidentiary hearing on that issue. [Doc. 2250.] *See Alvarez-Sanchez v. United States*, 350 Fed. Appx. 421 (11th Cir. Oct. 29, 2009) (per curiam). The District Court resolved the issue against Movant on March 3, 2011. [Doc. 2371.] The Eleventh Circuit affirmed.   [Docs.  2459,  2462.]     *See  Alvarez-Sanchez  v.  United  States*,

2

AO 72A
(Rev.8/82)

451 Fed. Appx. 870 (11th Cir. Jan. 17, 2012) (per curiam).

Movant filed a construed second § 2255 motion on June 10, 2016. [Doc. 2576.] The District Court denied that motion without prejudice on June 15, 2016. [Doc. 2578.] Movant filed a construed third § 2255 motion on June 27, 2016. [Doc. 2583.] While that motion was pending, the following two events occurred. First, the Eleventh Circuit denied Movant's application for leave to file a second or successive § 2255 motion on July 26, 2016. [Doc. 2585.] Second, the District Court reduced Movant's sentence to 322 months imprisonment on August 12, 2016, pursuant to 18 U.S.C. § 3582(c)(2), because his sentencing guideline range was retroactively lowered. [Doc. 2593.] The District Court dismissed Movant's construed third § 2255 motion on January 18, 2017. [Doc. 2622.]

Movant filed his fourth § 2255 motion on August 9, 2017. [Doc. 2639.] Movant argues that he is entitled to relief based on *Dean v. United States*, 137 S. Ct. 1170 (2017). [*Id.* at 4-9.] In *Dean*, the United States Supreme Court held the following: "[I]n calculating the sentence for the predicate [violent or drug trafficking] offense, a judge [may consider] the fact that the defendant will serve the mandatory minimums imposed under [18 U.S.C.] § 924(c)." *Dean*, 137 S. Ct. at 1174, 1175-78.

3

**II.   Discussion**

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  Unless the Eleventh Circuit authorizes a second or successive motion to vacate, the District Court lacks subject matter jurisdiction to consider such a motion.  *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam).

Because Movant's first § 2255 motion was denied on the merits, he must obtain authorization from the Eleventh Circuit for the District Court to consider a second or successive § 2255 motion.  Movant has failed to obtain the necessary authorization. Therefore, the District Court lacks subject matter jurisdiction to consider Movant's fourth § 2255 motion.  *See United States v. Florence*, 411 Fed. Appx. 230, 231 (11th Cir. Jan. 25, 2011) (stating that absent authorization to file second or successive § 2255 motion, district court lacks subject matter jurisdiction).

The District Court's § 3582(c)(2) reduction of Movant's sentence on August 12, 2016, does not affect that outcome.  Section 3582(b) provides the following: "Notwithstanding the fact that a sentence [of] imprisonment can subsequently be

4

(1) modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); *see also United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that "a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing"). Therefore, a § 3582(c)(2) sentence reduction "does not allow a prisoner to avoid the bar on successive § 2255 motions." *Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017); *see also United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (holding that § 3582(c)(2) reduction "does not wipe clean the slate of habeas applications that [a § 2255 movant] has previously filed"); *White v. United States*, 745 F.3d 834, 837 (7th Cir. 2014) (holding that § 3582(c)(2) reduction "does not reset the [collateral motion] count, for purposes of § 2244 and § 2255"); *Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017) (per curiam) (agreeing with *Jones* and *White*).

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) Movant's fourth § 2255 motion, [Doc. 2639], be **DISMISSED** as impermissibly successive, and (2) civil action number 1:17-cv-

AO 72A (Rev.8/82)

3014-ODE-AJB be **DISMISSED**.[2]

The Clerk is **DIRECTED** to terminate the referral of Document 2639 to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this __24th__ day of August, 2017.

*[signature]*

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned offers no recommendation regarding a certificate of appealability because 28 U.S.C. § 2253(c) does not apply to this case. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam) (explaining that (1) dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of § 2253(c), and (2) Eleventh Circuit has jurisdiction to review dismissal under 28 U.S.C. § 1291); Rule 11(a), Rules Governing Section 2255 Proceedings (indicating that § 2253(c) applies to § 2255 motions).

AO 72A
(Rev.8/82)